UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GARY GAYLOR, )
an individual, )
                                                     ) CASE NO.:
            Plaintiff, )
vs. )
                                                     )
SOUTH COUNTY SHOPPINGTOWN, LLC. )
a Delaware Limited Liability Company, )
                                                     )
            Defendant. )
_____)

**COMPLAINT**

      Plaintiff, GARY GAYLOR through his undersigned counsel, hereby files this Complaint and sues SOUTH COUNTY SHOPPINGTOWN, LLC., a Delaware Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 *et seq.*, ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

**JURISDICTION AND PARTIES**

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and E.D.Mo. L.R. 3 - 2.07.

3.     Plaintiff, GARY GAYLOR, (hereinafter referred to as "MR. GAYLOR"), is a resident of White County, Georgia. However, he enjoys visiting the St. Louis, Missouri area to visit his son who resides there.

4.     Plaintiff, GARY GAYLOR, is a qualified individual with a disability under the ADA. MR.

GAYLOR was diagnosed with Multiple Scleriosis (MS) in 2005 and is disabled.

5. MR. GAYLOR's disability, at all times material hereto, impairs his ability to walk, a major life activity, and requires him to use a cane and/or a wheelchair to ambulate.

6. Defendant, SOUTH COUNTY SHOPPINGTOWN, LLC., a Missouri Limited Liability Company, (hereinafter referred to as "SOUTH COUNTY"), is registered to do business in the State of Missouri.  Upon information and belief, SOUTH COUNTY, is the owner, lessee, and/or operator of the real property and improvements which are the subject of this action, to wit: the Property, known as South County Center Way, generally located at 18 South Center Way, Saint Louis, MO 63129.  Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Eastern District of Missouri, Saint Louis County, Missouri.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers Paragraphs 1-7 as if they were expressly restated herein.

9. The Property is a shopping center and is open to the public and provides goods and services to the public.

10. Plaintiff MR. GAYLOR visited the Property, a shopping center generally located at 18 South Center Way, Saint Louis, MO 63129, numerous times and attempted to utilize the facilities offered at the Property.

11. While at the property, MR. GAYLOR experienced serious difficulty accessing the goods and

utilizing the services therein due to the architectural barriers discussed herein in paragraph 14 of this Complaint.

12. MR. GAYLOR continues to desire to visit the Property, but fears that he will continue to experience serious difficulty due to the barriers discussed in paragraph 14 which still exist.

13. MR. GAYLOR plans to and will visit the property in the near future to utilize the goods and services offered thereon.

14. Defendant, is in violation of 42 U.S.C. § 12181 *et. seq.* and 28 C.F.R. § 36.302 *et. seq.* and is discriminating against the Plaintiff due to Defendant's failure to provide and/or correct, *inter alia,* the following barriers to access which were personally observed and encountered by Plaintiff:

   A. inaccessible parking designated as accessible due to excessive slopes and lack of access aisles;

   B. inaccessible entrances to tenant stores due to high thresholds;

   C. inaccessible curb cuts throughout the Property due to excessive slopes and failure to provide a smooth transition;

   D. inaccessible routes throughout the Property due to excessive slopes and failure to provide curb cuts or ramps to portions of the Property; and

   E. inaccessible payment and service counters in tenant spaces throughout the Property due to excessive height of the counter surface.

15. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions

of the ADA.

16. Defendant either does not have a policy to assist people with disabilities or refuses to enforce such a policy if it does exist.

17. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

18. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

19. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

20. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant.

WHEREFORE, the Plaintiff demands judgment against SOUTH COUNTY, and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned and operated SOUTH COUNTY, is in violation of the ADA;

B. That the Court enter an Order directing SOUTH COUNTY , to alter its facility to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing SOUTH COUNTY, to evaluate and neutralize its policies and procedures towards persons

with disabilities for such reasonable time so as to allow SOUTH COUNTY, to undertake and complete corrective procedures.

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

> Respectfully Submitted,
> KU & MUSSMAN, P.A.
> Attorneys for Plaintiff
> 12550 Biscayne Blvd., Suite 406
> Miami, FL 33181
> Tel: (305) 891-1322
> Fax: (305) 891-4512
>
>
> By: /s/ Jeff S. Keech
>     KU & MUSSMAN, P.A.
>     Attorney for Plaintiff
>     Jeff S. Keech, Esq.
>     Of Counsel
>     Law Offices of Jeff Keech
>     13650 River Valley CT
>     Chesterfield, Missouri 63017
>     Tel.: (314) 576-9989
>     Fax: (305) 891-4512
>     Email: jskeech@rootnode.com
>     MO Bar ID No.: 56100